[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus by way of a petition in two counts amended as of January 28, 1998 alleging in the first count that his criminal trial attorney, Susan Brown was ineffective (a) in not allowing him to testify in his own behalf as he requested: and (b) failing to present the oral statements of the petitioner and his mother and brother at sentencing for mitigation purposes; and in the second count that his habeas attorney. Denise Derby, was ineffective in that she failed to raise the issues of trial counsel's ineffectiveness (a) in failing to call the petitioner as a witness in his own behalf during trial and (b) failed to present mitigating statements of the petitioner and his family members at the sentencing.
The incident leading to the arrest and conviction of the petitioner occurred on July 22, 1989 at 1:30 a.m. when a 1989 Chrysler stolen from Thrifty Rent-a-Car while traveling north in the South-bound lane of I-91 collided with a south-bound vehicle which collision resutled in the death of the occupant of the south-bound vehicle. A Hartford police officer who had been in pursuit of the Chrysler was able to identify the petitioner as the operator of the Chrysler when he had made a U-turn in front of her and came within five to ten feet of her cruiser as he past it. Likewise at his trial two of the occupants of the stolen vehicle identified the petitioner as the driver when it collided with the decedent's car. A witness, Paul Drawhorn, was with the petitioner when the petitioner drove the car from the rental company's lot and testified at his criminal trial. CT Page 6303
In the habeas trial, Mrs. Johnson was called to testify about her son, the petitioner. She stated that she wished to make remarks at sentencing but was not called. She claimed she would have told the judge that her son was not driving the car because he told her he wasn't and her son was never a problem to her and helped her with housework and her handicapped son. He was also loved by the neighbors because he was always ready to rake leaves, shovel snow and go to the store for them. She didn't remember that he ever spent any time away from home even though she was shown his criminal record from age 13 and that he was adjudicated a juvenile delinquent and sent to Long Lane for a considerable length of time.
His uncle, Jerome Jones, testified that the petitioner was always respectful to him but he knew nothing of his criminal activities.
The petitioner testified that he wanted to testify in his criminal trial to prove his innocence. He did not know he had a right to testify. His attorney told him that he couldn't. He did hear Tyron Hightower and and David Wilson testify at his trial that the petitioner was driving the car at the time of the collision. He also recalled sending a letter to the court before his sentencing which the court handed to his attorney. She also said at his trial that it was not a good idea for him to testify because of his extensive criminal record. Attorney Denise Derby represented him on his appeal and again on his first habeas petition tried in Rockville. He felt that she failed to bring in the first petition the issues raised here. Attorney Derby had no independent recollection of the habeas matter except that it was heard in Rockville and no appeal was made.
Attorney Brown testified that she discussed with the petitioner his right to testify and he followed her advice not to do so because of his past criminal record. she also advised him that he and family members had a right to address the judge at sentencing but that because of the extensive publicity of the case, the recommendation of the probation officer for the maximum sentence and the victim s family presence he would be better advised to present to the judge any remarks in writing. She did not expect that to be done by the petitioner directly to the judge and told him it was not a good idea that he did it.
A successful petitioner must show that there is reasonable probability that, but for counsel's unprofessional errors, the CT Page 6304 result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show that counsels' representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 357.
 I.
Miss Brown recommended that the petitioner not testify because of his past criminal record and explained to him that his felony record would be revealed if he did testify. He followed her advice even though she also told him it was his ultimate decision whether or not he would testify. He had already seriously damaged his credibility by giving three (3) separate statements to the police. The first statement was an attempt to provide an alibi defense so as to prove he never was in the car. The second statement placed him in the car as a passenger who had no involvement in wrong-doing. In both these statements a person named "Bill" was driving. In the third statement he claimed to be in the car while David Wilson was driving and being pursued by the police but had exited the car prior to the collision. The state offered these statements to show the petitioner's "consciousness of guilt" in fabricating an alibi. State v. Reid,193 Conn. 646, 656. Disclosure of his felony record in addition to this "consciousness of guilt" evidence would completely undermine his credibility and the ability of counsel to make any effective argument in his case to the jury.
Likewise Miss Brown used good judgment in advising that any statement of the over indulgent mother of the petitioner be presented in writing rather than orally in front of the family of the victim. If she presented any statement like the one she presented before this court she would have done much more harm than good. As for the petitioner, the most unwanted statement to a sentencing court by one who has been found guilty by the jury is that he is innocent.
 II.
As to the allegations of the ineffective assistance of counsel against Miss Derby, counsel in the previous habeas trial, they were the same grounds alleged against Miss Brown, his criminal trial attorney, as were heard in this habeas proceeding. Having been heard here, the allegations against Miss Derby become moot since he now has what he petitioned to obtain by the CT Page 6305 allegations against Miss Derby, the issues of Miss Brown's ineffective assistance of counsel in not calling the petitioner to testify in his own behalf and in not providing the petitioner and family members to address the sentencing court.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee